BOROUGH OF UPPER SADDLE RIVER, PLAINTIFF, v. GAESS ENVIRONMENT SERVICE CORPORATION, DEFENDANT.

Bergen County Court

Decided March 28, 1973.

*Mr. Samuel J. Davis,* attorney for plaintiff.

*Messrs. Citrino, Carella, Balsam & Ford,* attorneys for defendant.

VAN TASSEL, J. D. C., Temporarily Assigned. Defendant Gaess Environment Service Corporation was engaged in pumping out a septic tank in the Borough of Upper Saddle River, New Jersey, on June 19, 1972. The driver of defendant's truck was stopped by a policeman who asked to see his permit. The driver was unable to produce such permit and thereafter Gaess Corporation was given a summons for violating Board of Health ordinance 5-5-6 of the Borough of Upper Saddle River, which deals with the failure to obtain a permit before removing human excrement from a septic tank.

Defendant argues that the Solid Waste Management Act of 1970 (*N. J. S. A.* 13:1E-1 *et seq.*) and the Solid Waste Utility Control Act of 1970 (*N. J. S. A.* 48:13A-1 *et seq.*) preempt the powers of a municipality to require a cesspool cleaner to obtain a permit in order to remove waste from a cesspool tank. Defendant relies primarily upon *Ringlieb v. Parsippany-Troy-Hills Tp.,* 59 *N. J.* 348 (1971). That case held that the State had preempted the field of solid waste collection and disposal management, and therefore the township could not provide additional protection in such area by an ordinance which involved penalties and required a person to go through the same procedures as required by the State. The holding in *Ringlieb* was specifically directed against the power of a municipality to regulate sanitary landfills.

In the case of *Municipal Sanitary Landfill Authority v. Hackensack Meadowlands Development Comm'n,* 120 *N. J. Super.* 118 (Law Div. 1972), plaintiff contended that con-

current power to regulate landfill operations had been granted by the Legislature, respectively to the Department of Environmental Protection (DEP) under *N. J. S. A.* 13 :1D–1 *et seq.* and to the Board of Public Utilities (PUC), pursuant to *N. J. S. A.* 48 :13A–4 and 6, and therefore a grant of similar powers to the Hackensack Meadowlands Development Commission must be negated because such powers have been preempted by the named state agencies. Referring to the *Ringlieb* case, *supra,* the court in *Municipal Sanitary Landfill* stated, "In response to this decision, the Legislature amended the relevant statute (*N. J. S. A.* 13 :1E–1 *et seq.*) to clarify its intention that the doctrine of preemption was not to apply. *L.* 1971, *c.* 461. This history argues strongly against our finding a similar preemption here."

In an analogous case of asserted preemption of municipal power, Chief Justice Weintraub said in *Summer v. Teaneck,* 53 *N. J.* 548 (1969) :

* * * It is not enough that the Legislature has legislated upon the subject, for the question is whether the Legislature intended its action to preclude the exercise of the delegated police power. * * * Hence the fact that the State has licensed a calling may not be enough to bar local licensure to protect an additional value of local concern. * * * The ultimate question is whether, upon a survey of all the interests involved in the subject, it can be said with confidence that the Legislature intended to immobilize the municipalities from dealing with local aspects otherwise within their power to act. [at 554–555.]

Assuming that the Legislature granted regulatory power over the cleaning of cesspools to the Department of Environmental Protection and the Public Utility Commission, it is nevertheless clear that there is no legislative intent to "immobilize" municipalities from regulating matters of local concern which affect the health and environment of the community.

*N. J. S. A.* 13 :1E–16, entitled "Effect of act on powers of local boards of health," clearly applies to the present case, and having been enacted subsequent to *Ringlieb, supra,*

is a manifestation of the Legislature's intention that such matters of local concern shall not be preempted by the State. *N. J. S. A.* 13 :1E–16 reads as follows:

Nothing in the act to which this act is a supplement shall be deemed or construed in any way to affect the powers of local boards of health in relation to health and environmental protection aspects of solid waste collection or solid waste disposal.

Surely it cannot be argued that removal of human excrement from septic tanks is not a matter cognizable by a local board of health and within its power to oversee the health and environmental aspects of such activities.

The court, therefore, finds that municipal ordinance 5–5–6 is valid and enforceable and that the judgment which found defendant guilty of violating such ordinance is affirmed.